Frank GARBAYO; et al.,
Plaintiffs—Appellees,

v.

**CHROME DATA CORPORATION, an Oregon corporation, Defendant—Appellant.**

No. 02–35229.

United States Court of Appeals,
Ninth Circuit.

Submitted May 5, 2003.*

Decided Oct. 20, 2003.

Craig A. Crispin, Shelley Russell, Crispin and Associates, Portland, OR, for Plaintiffs–Appellees.

Allyson S. Krueger, Esq., Maryann Yelnosky, Esq., Barran Liebman LLP, Portland, OR, Theodore M. Becker, Drew G. Peel, Jenkens & Gilchrist, PC, Chicago, IL, for Defendant–Appellant.

Before: LAY,** WALLACE, and TALLMAN, Circuit Judges.

MEMORANDUM ***

Chrome Data Corp. moved to compel arbitration of certain claims brought by Garbayo and four other former executives (collectively, Garbayo). The district court had jurisdiction under 28 U.S.C. §§ 1331, 1367(a), and denied Chrome's motion. We have jurisdiction over this timely filed appeal under 9 U.S.C. § 16(a). We review de novo. *Ticknor v. Choice Hotels Int'l, Inc.,* 265 F.3d 931, 936 (9th Cir.2001), *cert. denied* 534 U.S. 1133, 122 S.Ct. 1075, 151 L.Ed.2d 977 (2002). We reverse and remand.

The district court held that the Title VII and Or.Rev.Stat. § 659.030 disputes were not arbitrable, relying on *Duffield v. Robertson Stephens & Co.,* 144 F.3d 1182 (9th Cir.1998). Since the district court's decision, *Duffield* has been overruled. *EEOC v. Luce, Forward, Hamilton & Scripps,* 345 F.3d 742 (9th Cir.2003) (en banc). We reverse the district court's determination to the contrary.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Garbayo asks us to affirm the district court, arguing that he did not actually agree to arbitrate. Garbayo did not present these arguments to the district court. Garbayo argued that the unanimity provision is unconscionable, but he did not argue that it renders the dispute resolution program something other than arbitration. While we may affirm the district court on any ground supported by the record, and while we have discretion to reach legal issues not raised in the trial court, we will not do so here. *Martinez v. Signature Seafoods Inc.*, 303 F.3d 1132, 1137 (9th Cir.2002) (declining to reach unpreserved issue); *Ecological Rights Found. v. Pac. Lumber Co.*, 230 F.3d 1141, 1154 (9th Cir. 2000) (declining to reach unpreserved issue even to affirm the district court).

Garbayo contends that the arbitration agreement is unconscionable. Garbayo previously presented this argument to the district court. The district court disagreed, affirming the magistrate judge's March 7, 2001 findings and recommendations. Because of Garbayo's intervening amended complaint, Chrome argues that this argument is waived or precluded by the prior action.

However, in affirming the magistrate judge's March 7, 2001 findings and recommendations, the district court first held that whether the agreement is unconscionable is an issue for the arbitrator. The agreement stated that "the enforceability ... of this policy shall be subject to arbitration." *See also Three Valleys Mun. Water Dist. v. E.F. Hutton & Co.*, 925 F.2d 1136, 1140 (9th Cir.1991). Garbayo does not challenge this holding. We therefore do not address his arguments of unconscionability, and we need not address Chrome's arguments of waiver and preclusion. We remand for the district court to enter an appropriate order to compel arbitration of the enforceability of the agreements.

REVERSED AND REMANDED.